

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:   Opinion No. 0-6899

Re: Method of remission of
donated taxes to Brazos
River Conservation and
Reclamation District and
City of Freeport.

We acknowledge receipt of your request for an opinion
upon the above captioned matter. Your opinion request is as
follows:

"House Bill 408 of the Regular Session of
the 49th Legislature donates and grants to the
City of Freeport for a period of 20 years all
the State ad valorem taxes for General Fund pur-
poses collected from . . . road districts Nos.
8, 9 and 23 not heretofore donated and granted.
This grant of money to Freeport is made subject
to remittance of taxes to the Brazos River Con-
servation and Reclamation District under the
provisions of Chapter 368, Acts of the First
Called Session of the 44th Legislature.

"Heretofore, this department had not been
concerned about the amounts donated by any one
county mentioned under the provisions of Chapter
368, Acts of the First Called Session of the 44th
Legislature, except to the extent such a county
did not remit more than the maximum authorized.
There has been no proration made as to the amount
each county should pay to comply with the pro-
visions of Chapter 368 above mentioned.

"Since House Bill 408 donates and grants the
moneys collected for General Revenue purposes in
the road districts above mentioned, to the City
of Freeport, the question arises as to whether it
is necessary to collect any money at all from

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Geo. H. Sheppard, page 2

Brazoria County for the purpose of remitting to the
Brazos River Conservation and Reclamation District,
since there would be sufficient money in the other
nine counties to meet the maximum amount authorized
under the provisions of Chapter 368 above mentioned.

"Road districts 8, 9 and 23 in Brazoria County
cover only a small portion of the entire area of
Brazoria County. If Brazoria County is still re-
quired to pay its pro rata part of the donation to
Brazos River Conservation and Reclamation District,
then should the maximum be taken from the taxes
collected from the area of Brazoria County not
included in the road districts above mentioned,
before making any deduction from the taxes collected
from said districts?"

Chapter 368, First Called Session of the 44th Legislature
made a donation to the Brazos River Conservation and Reclamation
District for a period of twenty years of the State ad valorem
taxes in ten counties, one of which is Brazoria County, expressly
limiting the amount thereof to $309,000.00 in any one year, and
limiting the amount of State taxes donated, as to each county, to
the amount of State taxes which would be collected based upon
the 1934 assessed valuations. Said Act further authorized the
issuance of negotiable bonds, secured by a pledge of the sums
donated from the collection of ad valorem taxes. We understand
that such bonds were issued and at least a portion of same are
now outstanding.

House Bill No. 408, Regular Session of the 49th Legisla-
ture donated to the City of Freeport for a period of twenty years
all the State ad valorem taxes collected from road districts Nos.
8, 9 and 23 in Brazoria County "not heretofore donated and
granted". Sec. 2 of said Act reads as follows:

"At the end of each month the Tax Assessor-
Collector of Brazoria County, on forms to be fur-
nished by the Comptroller of Public Accounts
(hereinafter referred to as the Comptroller), shall
make a report under oath, to said Comptroller, show-
ing the amount of ad valorem taxes collected by him,
for the State General Fund upon property, real and
personal (including rolling stock belonging to rail-
road companies), within said road districts in said
County, and accompany the same with a summarized
statement showing full disposition of all such State

Hon. Geo. H. Sheppard,   page 3

taxes collected.  The said Assessor-Collector shall pay over to the Treasurer of the town of Freeport all moneys collected by him, under the provisions of this Act, over and above that heretofore donated and granted, except such amounts as are allowed by law for assessing and collecting the same, and shall forward to the Comptroller a duplicate copy of the receipt for such moneys given to him by the Treasurer of the town of Freeport.  It is expressly provided, however, that no remittance shall be made by the Assessor-Collector of Brazoria County on account of taxes collected from said road districts to the Reclamation District or the town of Freeport for a given year unless and until such Assessor-Collector shall have been notified in writing by the Comptroller of Public Accounts that the amount of money due it on account of taxes for such year shall have been remitted to the Brazos River Conservation and Reclamation District under the provisions of Chapter 368, Acts of the First Called Session of the Forty-fourth Legislature; it being the intention of this Act that after the requirements under said Act of the Forty-fourth Legislature shall have been met for such year all money realized from the State ad valorem tax levied for general purposes in said road districts in said County shall, on August 1st, after remitting any balance then due said reclamation district, be remitted to the town of Freeport, Texas, for the uses prescribed in this Act."

As we understand your inquiry, you desire our opinion as to whether the Tax Assessor-Collector of Brazoria County can lawfully hold the State ad valorem taxes collected from said districts Nos. 8, 9 and 23, until such time as the Comptroller shall notify him that the Reclamation District has either received the maximum amount of .309,000.00 from the ten counties, or received from Brazoria County the maximum of State taxes which would be collected, based upon the 1934 assessed valuations, (which we understand from a schedule attached to your letter amounts to the sum of .82,808.09), and then pay to the City of Freeport such State ad valorem taxes collected from said districts.

The only question for us to decide is whether or not the provisions in Sec. 2 above quoted, allowing the Tax Assessor-

Hon. Geo. H. Sheppard,    page 4


Collector not to make "remittance . . . on account of taxes collected from said road districts to the Reclamation District or the town of Freeport for a given year" until the Reclamation District has received from the Tax Collectors from the balance of Brazoria County and the other nine counties either the maximum of $309,000.00 or from Brazoria County its pro rata part, based on the 1934 valuation, and then remit the taxes collected from the three road districts to the City of Freeport, impairs the obligation of the contract between the debtors and the holders of the Reclamation District Bonds.

It is settled in Texas that when an Act of the state Legislature authorizes a bond issue, and creates or authorizes the creation of a certain fund for payment of the bonds, such provision of the Act enters into the contract between the debtor and holders of the bonds, so that it cannot be repealed by subsequent legislation without the substitution of something of equal efficacy; nor can any subsequent legislation be upheld which has the effect of impairing the obligation of such contract.  City of Aransas Pass v. Keeling, 247 S. W. 818 (Sup. Ct.)

We have carefully studied the two Acts in question, and inasmuch as the Freeport Act clearly makes the donation therein dependent upon the Reclamation District's receiving the full amount of taxes donated each and every year, we cannot find anything in the Freeport donation that would impair the obligation of the contract between the debtor and the bondholder.

It is therefore our opinion that the Tax Assessor-Collector can lawfully hold the taxes collected from the three road districts until such time as the Reclamation District has received its full quota as above set forth, and then pay same to the City of Freeport as provided in said Act. However, the amounts so held, (or as much thereof as is necessary) should be paid to the Reclamation District in the event that during any taxable year, the Reclamation District does not receive the maximum amount donated it from taxes collected from the balance  of the district.

Hon. Geo. H. Sheppard,   page 5

We trust that the above fully answers your inquiry.

APPROVED          3, 1945                    Yours very truly,

                                             ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

WVG:LJ                                       By   W V Geppert
                                                  W. V. Geppert
                                                     Assistant